UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN GERTHELIA REDD-OYEDELE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>Defendants. | Case No. 20-cv-00912-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 20 |

Before the Court is Plaintiff's Motion for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction (the "Motion"). Dkt. 20. The Court finds the Motion suitable for determination without further briefing or oral argument. For the reasons that follow, Plaintiff's Motion is **DENIED.**

I.   **BACKGROUND**

Plaintiff Ann Redd-Oyedele has been employed by Defendant Santa Clara County Office of Education ("SCCOE") for almost 29 years. *See* Dkt. 1 (Complaint) at ¶ 22. In 2000, Plaintiff filed racial discrimination charges against SCCOE and several of its management employees with the EEOC. *Id.* at ¶ 27. After the EEOC issued a right to sue letter, Plaintiff sued SCCOE in federal district court, and that case was appealed to the Ninth Circuit. *Id.* at ¶¶ 28-29. During her employment with SCCOE, Plaintiff has been promoted twice, but she has applied unsuccessfully for several other promotional positions. *See id.* at ¶¶ 23, 24, 34. Plaintiff claims that she has been denied further promotional and career advancement opportunities due to retaliation for her earlier litigation against SCCOE. *Id.* at ¶ 30. In this action, Plaintiff asserts causes of action for retaliation in violation of Title VII and for negligent infliction of emotional distress. *Id.* at ¶¶ 21-53.

Defendants have moved to dismiss the complaint, arguing that Plaintiff failed to exhaust her administrative remedies and that Defendants are not liable on other grounds. Dkt. 8. Plaintiff

1    opposes the motion to dismiss. Dkt. 18. The Court will address the motion to dismiss in a
2    separate, forthcoming order.

## II.    LEGAL STANDARD

The substantive standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co, Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO or preliminary injunction, the moving party must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm if injunctive relief is not granted; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A TRO or preliminary injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

## III.    DISCUSSION

The Motion alleges that Defendants have posted and advertised a job opening for "Director, District Business and Advisory Services," with a closing date of May 22, 2020. Dkt. 20-4 at 4. Plaintiff states that "[t]o the best of Plaintiff's knowledge, a preferred candidate already exists for this opening and the candidate would merely be ushered into the position" and that "[t]herefore, the job posting, subsequent interviews and oral board screening would merely be a sham and a cover up, for Defendants' intent to use race and age as a factor in hiring." *Id.* Plaintiff seeks a TRO and/or preliminary injunction to enjoin Defendants "from taking all or any further steps towards filling the advertised job vacancy for the position of 'Director III, Business and Advisory Services." Dkt. 20-9 (Proposed Order).

Plaintiff has failed to establish that she is likely to suffer irreparable harm in the absence of a TRO or preliminary injunction, and therefore the Court need not reach the other requirements for preliminary injunctive relief. *See Akin-Taylor v. Kaiser Found'n Health Plan Inc.*, No. 13-cv-0039-JCS, 2013 WL 5732776, at *2 (N.D. Cal. Oct. 22, 2013). Plaintiff, who remains employed by SCCOE, alleges that the "Director III, Business and Advisory Services" job position that is the subject of her Motion is one of a number of career advancement level positions that have become

available during her tenure with Defendant SCCOE. Dkt. 20-5 at ¶¶ 10, 15; *see also* Dkt. 1 at ¶ 34 (allegation in Complaint that Plaintiff applied for three Director III positions and one Assistant Director position between June 2014 and April 2019). Plaintiff's declaration does not state that she actually applied for the Director III position that is the subject of her Motion. *See* Dkt. 20-5. Even if Plaintiff has applied for that position and if she is denied an offer for that position (which is speculative at this point), she has not shown that her resulting injury would be irreparable, given that she allegedly has suffered an injury for years from SCCOE's failure to promote her. *See* Dkt. 1 at ¶ 34. Moreover, Plaintiff has not shown that if she prevails on the merits, she will not be able obtain a meaningful equitable remedy if this particular Director III position has already been filled. As the Supreme Court has explained, "when an appropriate position for the plaintiff is not immediately available without displacing an incumbent employee, courts have ordered reinstatement upon the opening of such a position and have ordered front pay be paid until reinstatement occurs." *Pollard v. E.I. Du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001) (citations omitted).

"A plaintiff must do more than allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldride*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original). Here, Plaintiff has not demonstrated why a retroactive promotion and back pay would not be an adequate remedy if she succeeds on the merits. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). Therefore, entry of a TRO and/or preliminary injunction is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a TRO and/or preliminary injunction.

**SO ORDERED.**

Dated: June 1, 2020

SUSAN VAN KEULEN
United States Magistrate Judge

3