United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANN GERTHELIA REDD-OYEDELE,

Plaintiff,

v.

SANTA CLARA COUNTY OFFICE OF
EDUCATION, et al.,

Defendants.

Case No.  20-cv-00912-SVK

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Plaintiff Ann Redd-Oyedele has been employed by Defendant Santa Clara County Office of Education ("SCCOE") for approximately 29 years.  Dkt. 1 ("Complaint") ¶ 22.  Defendant Mary Ann Dewan ("Dewan") is the County Superintendent of Schools.  *Id.* ¶ 11.  In 2000, Plaintiff filed a race discrimination claim against SCCOE with the Equal Employment Opportunity Commission ("EEOC"), which concluded in 2003 after a district court action and an appeal to the Ninth Circuit.  *Id.* ¶¶ 27-30.  According to the Complaint in this case, Plaintiff was promoted twice during her employment with SCCOE but has been denied promotions on several other occasions, including in June 2014, November 2015, February 2016, and April 2019.  *Id.* ¶¶ 24, 34.  This case, in which Plaintiff appears *pro se*, concerns Plaintiff's claim that Defendants' failure to promote her resulted from retaliation for her earlier lawsuit against SCCOE.  *See, e.g., id.* ¶¶ 35-36.  Plaintiff asserts causes of action for (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and (2) negligent infliction of emotional distress.  Dkt. 1.  Now before the Court is Defendants' motion to dismiss the complaint under Rule 12(b)(6).  Dkt. 8.  All parties have consented to the jurisdiction of a magistrate judge.  Dkt. 5, 11.

25

26

27

28

Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument.  After considering the parties' submissions, the case file, and relevant law, and for the reasons discussed below, SCCOE's motion to dismiss the complaint is **GRANTED IN PART and DENIED IN PART.**

United States District Court
Northern District of California

## I.    BACKGROUND

Together with the Complaint in this case (Dkt. 1), Plaintiff filed a "Declaration of Plaintiff in Support of Complaint" (Dkt. 2) (the "Declaration in Support").[1]  This discussion of the background facts is based on the allegations of both documents.

Plaintiff, a woman who identifies as being African-American, was 56 years old at the time the complaint was filed.  Complaint ¶¶ 1, 27; Declaration in Support ¶ 2.  Plaintiff earned a Bachelor's of Science degree in Accounting from San Jose State University in 1984.  Complaint ¶ 4.  She has acquired additional certifications and diplomas from work-related courses.  *Id.* ¶ 24.

Plaintiff has been employed by Defendant SCCOE since June 17, 1991.  *Id.* ¶ 22.  Plaintiff works in SCCOE's District Business and Advisory Services.  *Id.* ¶ 3.  She has been promoted twice, first to the position of Advisor and then to Senior Advisor.  *Id.* ¶ 24.  Plaintiff has applied for but was denied several other promotions within SCCOE.  *Id.* ¶ 23.

In 2000, Plaintiff filed racial discrimination charges against SCCOE and several of its management employees with the EEOC.  *Id.* ¶ 27.  After being issued a right-to-sue notice, Plaintiff filed a complaint in this District and the matter later went on appeal to the United States Court of Appeals for the Ninth Circuit.  *Id.* ¶¶ 28-29.  That lawsuit concluded in 2003. *Id.* ¶ 30.

Plaintiff alleges that after the earlier lawsuit was concluded, she was subjected to retaliation by Defendants by being denied further promotional and career advancement opportunities within SCCOE.  *Id.*  In particular, she alleges that she applied for but was denied promotions to Director III – District Business Services in June 2014 and November 2015; Director III – Internal Business Services in February 2016; and Assistant Director – District Business Services in April 2019.  *Id.* ¶ 34(i)-(iv).

---

[1] The Complaint refers to the Declaration in Support and its attachments.  *See, e.g.,* Complaint ¶¶ 30, 34(vii)-(ix), 47, 51.  As Defendants acknowledge, extrinsic evidence may be considered at the pleadings stage when attached to the Complaint.  Dkt. 8 at 2 n.1; *see also In re NVIDIA Corp. Securities Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (stating that in reviewing the sufficiency of complaint, court is limited to complaint, its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice).  Accordingly, for purposes of this motion to dismiss the Court will analyze the allegations of both the Complaint and the Declaration in Support, as well as the documents from the EEOC proceedings that are attached to the Declaration in Support.

United States District Court
Northern District of California

1    Plaintiff was interviewed for the Assistant Director position in May 2019.  *Id.* ¶ 34(v).

2    Plaintiff claims that the "Oral Board" put in place by Defendant Dewan discriminated against her

3    by deeming her not qualified and eliminating her from the eligibility list for the Assistant Director

4    position "and any future vacancy of said classification."  *Id.* ¶ 34(vi).  Plaintiff contends that

5    Defendants' management employees "conspired and colluded to retaliate against Plaintiff by

6    consistently ignoring Plaintiff's qualifications, seniority and work-related skills in assessing

7    Plaintiff's suitability for promotional opportunities" within SCCOE.  *Id.* ¶ 35.  Plaintiff also

8    alleges that Dewan "in her official capacity and through certain senior management personnel of

9    [SCCOE], pursued a covert policy of limiting the hiring and promotional opportunities of African

10   Americans, especially after Plaintiff filed a racial discrimination lawsuit against [SCCOE] and

11   other individuals in the year 2000."  *Id.* ¶ 36; *see also id.* ¶¶ 38-40.[2]

12   Plaintiff filed a charge of discrimination with the EEOC in August 2019.  *Id.* ¶ 34(vii); Ex.

13   A to Declaration in Support (Dkt. 2-1 PDF pp. 2-3).  On October 4, 2019, SCCOE sent the EEOC

14   an initial response.  Ex. B to Declaration in Support (Dkt. 2-1 PDF pp. 5-7).  On October 28, 2019,

15   Plaintiff sent the EEOC a rebuttal.  Ex. C to Declaration in Support (Dkt. 2-1 PDF pp. 9-13).  On

16   November 7, 2019, the EEOC issued a Dismissal and Notice of Rights, which included a notice of

17   right to sue.  Ex. D to Declaration in Support (Dkt. 2-1 PDF p. 15).  On February 6, 2020, Plaintiff

18   filed the Complaint and Declaration in Support.  Dkt. 1, 2.

19   Defendants now move to dismiss the Complaint.  Dkt. 8.  Plaintiff opposes.  Dkt. 18.[3]

20   ////

21   ////

22

23   _____

24   [2] According to the Complaint, Defendant Dewan has been employed by SCCOE as Superintendent
     only since November 2017.  Complaint ¶ 11.

25   [3] Plaintiff claims that Defendants never served her with the motion to dismiss, despite Defendants'
     filing of a Certificate of Service stating that the motion had been served by mail (Dkt. 9).  Dkt. 18-

26   3 at 6-7.  However, Plaintiff acknowledges that she later obtained copies of the motion from the
     Court.  *Id.*  Moreover, the Court reset the briefing schedule to give Plaintiff additional time of over

27   one month to file an opposition, and Plaintiff filed her opposition by the extended deadline.  Dkt.
     14, 18.  Accordingly, because Plaintiff suffered no prejudice from any error in service of the

28   motion to dismiss, the Court rejects Plaintiff's argument that the Court should deny the motion for
     improper and insufficient service of process and will consider the merits of the motion.

1

## II.     LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim

upon which relief can be granted.  In ruling on a motion to dismiss, the court may consider only

"the complaint, materials incorporated into the complaint by reference, and matters of which the

court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049,

1061 (9th Cir. 2008).  In deciding whether the plaintiff has stated a claim, the court must assume

the plaintiff's allegations are true and draw all inferences in the plaintiff's favor.  *Usher v. City of*

*L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true

"allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to

"more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot

be cured by amendment.  *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## III.     DISCUSSION

Defendants argue that the complaint should be dismissed for four reasons:  (1) Plaintiff

failed to exhaust her administrative remedies before filing her Title VII retaliation claim because

her EEOC claim did not mention retaliation or any claim against Defendant Dewan; (2) Dewan

cannot be held individually liable for damages under Title VII; (3) Plaintiff failed to plead

compliance with the California Government Claims Act, a prerequisite for filing her claim for

negligent infliction of emotional distress; and (4) both Defendants are immune from suit for

negligent infliction of emotional distress under the Eleventh Amendment to the United States

Constitution.  Dkt. 8.  The Court addresses each argument in turn.

////

////

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    **A.      Motion to Dismiss Title VII Claim**

2         **1.      Failure to Exhaust Administrative Remedies**

3         Before filing suit on a statutory employment discrimination claim, the employee must

4    exhaust her administrative remedies by filing a timely and sufficient charge with the appropriate

5    administrative agency and obtaining a right-to-sue letter from the agency.  42 U.S.C. § 2000e-5(f);

6    *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002).  The EEOC is ordinarily the appropriate

7    agency for a Title VII claim.  42 U.S.C. § 2000e-5.  The purpose of the exhaustion requirement is

8    to provide an opportunity to reach a voluntary settlement of an employment discrimination

9    dispute.  *Jasch*, 302 F.3d at 1094.  A plaintiff must allege compliance with the exhaustion

10   requirement in order to state a claim upon which relief may be granted.  *Burnes v. Chavez*, No. 19-

11   CV-03420-LHK, 2020 WL 2306488, at *3 (N.D. Cal. May 8, 2020).

12        Here, Plaintiff filed an EEOC charge and obtained a right-to-sue letter before filing suit.

13   Exs. A and D to Dkt. 2-1. However, Defendants argue that Plaintiff failed to exhaust her

14   administrative remedies in two respects:  (1) by failing to include a claim for retaliation in the

15   charge she filed with the EEOC; and (2) by failing to name Defendant Dewan in the administrative

16   charge.  Dkt. 8 at 6-8.

17        **a)      Retaliation claim**

18        Defendants argue that Plaintiff's claim for retaliation in violation of Title VII is barred

19   because she failed to include allegations relating to alleged retaliation in her EEOC charge.  Dkt. 8

20   at 6-8.  As Defendants note, on the EEOC charge signed by Plaintiff, the box for "retaliation" is

21   not checked.  *Id.* at 4; *see also* Ex. A to Declaration in Support (Dkt. 2-1 at PDF p. 2).

22        "[I]ncidents of discrimination not included in an EEOC charge may not be considered by a

23   federal court unless the new claims are like or reasonably related to the allegations contained in

24   the EEOC charge."  *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (internal quotation

25   marks and citations omitted).  "The jurisdictional scope of a Title VII claimant's court action

26   depends upon the scope of both the EEOC charge and the EEOC investigation," and the court

27   must therefore "examine proceedings before the EEOC to determine the scope of federal court

28   jurisdiction."  *Id.*  The EEOC charge must be construed liberally.  *Id; see also* 29 C.F.R.

United States District Court
Northern District of California

1   § 1601.12(b) (EEOC regulation stating that a Title VII charge is "sufficient" when the

2   Commission receives from the person making the charge "a written statement sufficiently precise

3   to identify the parties, and to describe generally the action or practices complained of.").  In

4   addition, the court must inquire "whether the original EEOC investigation would have

5   encompassed the additional charges made in the court complaint but not included in the EEOC

6   charge itself." *Sosa*, 920 F.2d at 1456 (internal quotation marks and citation omitted).  "In short,

7   the jurisdiction for [the] court action is not limited to the actual EEOC investigation, but can

8   include the scope of an EEOC investigation which can reasonably be expected to grow out of the

9   charge of discrimination." *Id.* (internal quotation marks and citations omitted).

10       Applying these standards to Plaintiff's EEOC charge, the Court concludes that Plaintiff's

11   allegations in this lawsuit concerning retaliation in connection with her application for a

12   promotion in 2019 are sufficiently like or reasonably related to the allegations in her EEOC

13   charge. *See id.* at 1457.  "Retaliation occurs when a plaintiff engages in protected activity and

14   suffers and adverse employment action as a result." *Leland v. City and County of San Francisco,*

15   576 F. Supp. 2d 1079, 1091 (N.D. Cal. 2008) (citing *Cornwell v. Electra Central Credit Union,*

16   439 F.3d 1018, 1034-35 (9th Cir. 2006)).  Plaintiff's EEOC charge alleges that Defendants denied

17   Plaintiff's application for a promotion to Assistant Director in 2019.  Ex. A to Declaration in

18   Support.  Where, as here, the EEOC charge alleged "the same acts specified as retaliation in" the

19   plaintiff's complaint, "an investigation of the EEOC charge would likely have revealed [the

20   plaintiff's] earlier grievance against [the defendant]" and "a claim of retaliation could have grown

21   out of the charge" even if the plaintiff's EEOC complaint "did not present the legal theory of

22   unlawful retaliation." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 645-46 (9th Cir. 2003)

23   (internal quotation marks and citations omitted).

24       In addition, even though Plaintiff did not check the "retaliation" box on the EEOC charge

25   form, a rebuttal she filed with the EEOC asserted that **"due to exercising lawful rights to file**

26   **discrimination charges against respondent, I've been further penalized unlawfully by being**

27   **denied further promotional or career advancement opportunities,"** followed by a discussion

28   of the District's failure to promote her in May 2019.  Ex. C to Declaration in Support (Dkt. 2-1 at

United States District Court
Northern District of California

PDF page 12 of 15) (emphasis in original).  Such allegations are sufficient to exhaust a claim for retaliation in connection with the District's failure to promote Plaintiff in 2019.  *See Leland*, 576 F. Supp. 2d at 1091 (finding an employee's allegations that she was reassigned to a different location when she complained about differential treatment on account of race and other characterizations was sufficient to exhaust claim for retaliation).

The Court also notes Plaintiff's argument that any lapse in the EEOC charge form should be excused because the form was filled out by an EEOC employee based on a conversation with Plaintiff, who then handed the pre-filled charge form to Plaintiff to sign.  Dkt. 18-3 at 4; Dkt. 18-4 ¶¶ 9-10.  An equitable exception to the exhaustion requirement may be available to a plaintiff who:  "(1) diligently pursued [her] claim; (2) was misinformed or misled by the administrative agency responsible for processing [her] charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing [her] to fail to exhaust [her] administrative remedies; and (4) was acting pro se at this time."  *Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006).  Although Plaintiff may be able to establish eligibility for an equitable exception to the exhaustion rule, the Court finds it unnecessary to require Plaintiff to amend the complaint to include these facts given that the existing allegations are sufficient to establish exhaustion, as discussed above.

Accordingly, Defendants' motion to dismiss the retaliation claim on the grounds that Plaintiff did not file an EEOC claim for retaliation is **DENIED**.  As discussed in Sections III.A.1.(b) and III.A.2. below, the Title VII retaliation claim against Dewan will be dismissed for other reasons, so the retaliation claim will proceed against SCCOE only.

**b)    Claims against Defendant Dewan**

Defendants argue that Plaintiff's claims against Defendant Dewan are also barred because Plaintiff's EEOC charge did not include any allegations against Dewan.  Dkt. 8 at 6-8.

As a general rule, Title VII plaintiffs may sue only those named in the EEOC charge, because only those parties had an opportunity to respond to the charges during the EEOC's investigation.  *Sosa*, 920 F.2d at 1458.  However, courts have developed a number of exceptions to this rule and allowed suit against an unnamed defendant where, for example:  (1) the unnamed

7

persons "were involved in the acts giving rise to the EEOC claims"; (2) "where the EEOC or defendants themselves should have anticipated that the claimant would name those defendants in a Title VII suit"; (3) the respondent named in the EEOC charge is a principal or agent of the unnamed party or if they are substantially identical parties; (4) if the EEOC could have inferred that the unnamed party violated Title VII; or (5) if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings. *Id.* at 1458-59 (internal quotation marks and citations omitted).

Neither Plaintiff's EEOC charge nor her rebuttal sent to the EEOC mention Defendant Dewan by name or title, even though her rebuttal names other employees of Defendant. *See, e.g.,* Ex. C to Declaration in Support (Dkt. 2-1 at PDF pages 9 (stating that Plaintiff complained to Chief Business Officer Megan Reilly and Director of District Business and Advisory Services Judy Kershaw), 11 (identifying members of Oral Board for candidates' interview consisting of Francie Heim, John Gray, and Stephanie Gomez)). These allegations were not sufficient to put the EEOC or District on notice of Dewan's alleged involvement in the acts complained of and do not establish that any other exception to the general rule that a plaintiff may sue only those named in the EEOC charge.

Accordingly, Defendants' motion to dismiss Plaintiff's Title VII claim against Defendant Dewan on the grounds of failure to exhaust administrative remedies is **GRANTED.** The question of leave to amend is addressed in Section III.C. below.

### 2. Defendant Dewan's Individual Liability for Damages

Plaintiff's first cause of action for violation of Title VII seeks damages against both Defendants, SSCOE and Dewan. Complaint ¶ 41. However, an individual defendant cannot be held liable for damages under Title VII. *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587-88 (9th Cir. 1993). Accordingly, Defendants' motion to dismiss Plaintiff's Title VII claim against Defendant Dewan on the grounds that she cannot be held individually liable for damages under Title VII is also **GRANTED.** The question of leave to amend is addressed in Section III.C. below.

////

////

United States District Court
Northern District of California

**B.      Motion to Dismiss Claim for Negligent Infliction of Emotional Distress**

      **1.      Failure to Plead Compliance with California Government Claims Act**

Plaintiff's second cause of action is a state law tort claim against both Defendants for negligent infliction of emotional distress.  Complaint ¶¶ 42-53.  The California Government Claims Act provides that no suit for money or damages may be maintained against a governmental entity unless a formal claim has been presented to such entity and has been rejected.  Cal. Gov't C. § 912.4, 945.4.  The primary purpose of this requirement is "to provide the public entity with sufficient information to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  *Stockett v. Ass'n of Calif. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004).  With few exceptions, the claims filing statute apply to claims against every public entity in the State, including public school districts.  *See* Cal. Gov't C. §§ 900 *et seq.*

Claims against a local public entity must be delivered or mailed to the clerk, secretary, auditor, or governing body of such entity at its principal office.  Cal. Gov't C. § 915(a).  Any claim against a public entity for damages for personal injury must be presented to the entity within six months of the date of accrual of the cause of action.  Cal. Gov't C. § 911.2.  The plaintiff is required to plead facts in the complaint that she either complied with the prelitigation governmental claims presentation requirements or was excused from complying with that requirement.  *See* Cal. Gov't C. §§ 912.4, 945.4; *State of Calif. v. Super. Ct.*, 32 Cal. 4th 1234, 1239 (2004). Failure to comply with the government claims statute bars the claim against the public entity.  *Le Mere v. Los Angeles Unified School Dist.,* 35 Cal. App. 5th 237, 247 (2019).  If an action against the public entity is barred by failure to file a timely claim, suit against a public employee on the claim is also barred.  Cal. Gov't C. § 950.2.

Here, Plaintiff does not allege in the Complaint that she followed the required procedures for presenting a claim to the District before filing suit for negligent infliction of emotional distress, or that she was excused from complying with those requirements.  Moreover, the Declaration in Support that Plaintiff filed with Complaint makes no mention of a pre-litigation claim filed with SCCOE.

Plaintiff argues that she was not required to present a pre-litigation claim before suing

Defendant Dewan, citing the following language in California Government Code Section 950:

"Except as otherwise provided in this chapter, a claim need not be presented as a prerequisite to the maintenance of an action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee." Dkt. 18-3 at 8. However, Government Code Section 950.2 provides that an action against a public employee for injury resulting from an act or omission in the scope of her employment as a public employee is barred if the action against the employing public entity for such injury is barred by other provisions of the statute. In other words, the filing of a timely claim against the public entity is a prerequisite to a tort action against either the entity or an employee of the entity. *Mazzola v. Feinstein,* 154 Cal. App. 3d 305, 310 (1984).

Accordingly, Defendants' motion to dismiss Plaintiff's second cause of action for negligent infliction of emotional distress on the grounds of failure to allege compliance with the California Government Claims Act is **GRANTED** as to both Defendants. The question of leave to amend is addressed in Section III.C. below.

### 2.    Eleventh Amendment Immunity

Defendants argue that Plaintiff's state law tort claim against them is also barred by the Eleventh Amendment. Dkt. 8 at 10-11. The Eleventh Amendment states that "[t]he Judicial power … shall not … extend to any suit in law or equity … against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States." U.S. Const., Amend. XI. This has been interpreted as a grant of sovereign immunity to the states against suit in federal court. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996). Although the Eleventh Amendment does not expressly bar suits against a state by its own citizens, it has been so interpreted. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The Eleventh Amendment does not protect local governmental bodies. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979). However, the Ninth Circuit has held that California school districts and county offices of education are state agencies for purposes of Eleventh Amendment sovereign immunity. *Belanger v. Madera Unified Sch. Dist.,* 963 F.2d 248, 254 (9th Cir. 1992) (holding that a California school district is a state agency

United States District Court
Northern District of California

for Eleventh Amendment purposes); *Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1995) (holding that a county office of education is entitled to Eleventh Amendment immunity).  In *Stoner v. Santa Clara County Office of Education*, the Ninth Circuit relied on these authorities in holding that SCCOE — the same entity that is a defendant in this case — was entitled to invoke the Eleventh Amendment to bar a suit under False Claims Act.  502 F.3d 1116, 1122 (9th Cir. 2007).  Accordingly, SCCOE, as a county office of education, is immune from suit on Plaintiff's state law tort claim under the Eleventh Amendment.

Eleventh Amendment immunity also extends to an officer of a state agencies sued in her official capacity because such a suit "is not a suit against the official personally, for the real party in interest is the entity."  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 640 (9th Cir. 1991).  Plaintiff purports to have sued Defendant Dewan in both her official and personal capacity (Complaint. ¶ 14) but does not explain the distinction.  A mere allegation that a defendant is sued in her individual capacity is not determinative if it is clear from the substance of the complaint that she is being sued for actions taken in her official capacity.  *See Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 270 (1997).  Here, Plaintiff alleges that Dewan was employed by SCCOE as Superintendent of Schools; she had "the responsibility of supervision of all matters pertaining to the hiring of staff" for SCCOE; she had "the role of ensuing (sic) all employees of [SCCOE] complied with all anti-discrimination laws and statutes" and "received enough continuous training to prevent engaging in work related activities" not in compliance with Title VII and related state statutes; she is "the person most able to put in place policies preventing racial discrimination and retaliation against employees" of SCCOE; and "[a]s the Chief Executive Officer" with SCCOE she "had a constitutional duty of monitoring and oversight of all operations" of SCCOE.  Complaint. ¶¶ 11-12, 14-17.  In addition, Plaintiff alleges that Dewan "in her official capacity and through certain senior management personnel of [SCCOE] pursued a covert policy of limiting the hiring and promotional opportunities of African Americans, especially after Plaintiff filed a racial discrimination lawsuit against [SCCOE] and other individuals in the year 2000.  *Id.* ¶36.  These allegations, read in the context of the Complaint as a whole, establish that Plaintiff sued Defendant Dewan in her official

capacity.  As a result, Defendant Dewan is also entitled to Eleventh Amendment immunity.

Because both Defendants are immune under the Eleventh Amendment from Plaintiff's second cause of action for negligent infliction of emotional distress, Defendants' motion to dismiss Plaintiff's second cause of action on that ground is **GRANTED.**  The question of leave to amend is addressed in Section III.C. below.

## C.    LEAVE TO AMEND

Plaintiff argues that she should be granted leave to amend the Complaint.  Dkt. 18-3 at 9-10.  She includes in the declaration submitted with her opposition to the motion to dismiss the first page of the proposed amended complaint.  Dkt. 18-6.

Before the Court turns to the issue of whether Plaintiff should be given leave to amend to address the deficiencies identified in this order, the Court first addresses the suggestion in Plaintiff's opposition that she was unable to file an amended complaint previously.  *See* Dkt. 18-3 at 9.  Plaintiff argues that she had the right to amend the Complaint without leave of court within 30 days of filing, but "due to the ongoing COVID-19 health crisis and the ensuing Court closure, this was impossible or impractical."  *Id.*  Plaintiff does not state that she actually tried to file an amended complaint and was unable to do so, but in any event her argument is incorrect, for several reasons.  First, Plaintiff is incorrect that she had a right to amend the Complaint without leave of court within 30 days of filing; however, a party may amend its pleadings once without Court intervention within 21 days of serving it.  Fed. R. Civ. P. 15(a)(1)(A).  Here, Plaintiff served the Defendants with the Complaint on February 13, 2020.  Dkt. 7.  Thus, Plaintiff had until March 5, 2020 to amend her Complaint as a matter of right pursuant to Rule 15(a)(1)(A).  Second, Plaintiff is incorrect that the Court closed due to COVID-19.  The Court has remained operational throughout the COVID-19 crisis, including the acceptance of electronic filings without interruption.[4]  Although the San Jose Courthouse and the drop box for paper filings were unavailable at times this spring due to COVID-19, the first general order relating to COVID-19 did not issue until March 16, 2020, and the San Jose Courthouse did not close until March 24,

---

[4] Plaintiff did not request permission for electronic case filing, but the Court granted such permission *sua sponte* on April 21, 2020.

United States District Court
Northern District of California

1   2020.  *See* General Order No. 72 (superseded). These events occurred *after* Plaintiff's deadline to

2   amend the Complaint pursuant to Rule 15(a)(1)(A).

3          However, Plaintiff also had a separate right to amend the Complaint without leave of Court

4   within 21 days of service of a motion under Rule 12(b), such as the present motion to dismiss.

5   Fed. R. Civ. P. 15(a)(1)(B).  Defendants filed a certificate of service indicating that Plaintiff was

6   served with the motion to dismiss on March 6, 2020, although Plaintiff disputes that she received

7   the documents.  Dkt. 9; Dkt. 18-3 at 6-7.  At a minimum, assuming that service was completed on

8   March 6, Plaintiff had until March 27 to amend the Complaint pursuant to Rule 15(a)(1)(B).

9   Again, Plaintiff has not shown that she tried but was unable to file an amended complaint by that

10   deadline.  Nevertheless, the Court acknowledges that by late March the Bay Area was under

11   significant restrictions due to COVID-19, which weighs in favor of granting Plaintiff leave to

12   amend.

13          In deciding whether to grant leave to amend, the Court must also consider the substantive

14   reasons described above for dismissing certain causes of action in determining whether

15   amendment would be futile and concludes as follows:

16                    **1.     Claim 1 (Title VII – Retaliation)**

17          As discussed in Section III.A.1.a). above, Defendants' motion to dismiss the Title VII

18   retaliation claim **against SCCOE is DENIED.**  However, the Court is granting Defendants'

19   motion to dismiss this claim as to Defendant Dewan, both because Plaintiff failed to exhaust her

20   administrative remedies as to that claim against Defendant Dewan, and because individuals are not

21   liable for damages under Title VII.  Although there are exceptions to the requirement that an

22   administrative charge name all accused individuals, Plaintiff has not identified any reason why she

23   did not name Dewan in her EEOC charge.  In any event, even if she had named Dewan in the

24   EEOC charge, Plaintiff's Title VII claim for damages against Dewan would be dismissed because

25   she cannot be held individually liable for such damages.  Accordingly, the first cause of action is

26   **DISMISSED WITHOUT LEAVE TO AMEND as to Defendant Dewan.**

27   ////

28   ////

United States District Court
Northern District of California

### 2.      Claim 2 (Negligent Infliction of Emotional Distress)

As discussed in Section III.B. above, the cause of action for negligent infliction of emotional distress is dismissed as to both Defendants because Plaintiff failed to file a pre-litigation claim with SCCOE.  However, in her opposition to the motion to dismiss, Plaintiff argues that she should be excused from the pre-filing claim requirement "due to excusable mistake, arising from extreme and unprecedented acts of nature."  Dkt. 18-3 at 7-8.  Specifically, Plaintiff claims that after unsuccessful attempts to obtain counsel, she "was forced to make telephonic contact with the required Federal and State agencies with statutory enforcement powers over the grievances of racial discrimination and injustice" and that while the EEOC responded, "the State Agency did not."  *Id.*  Plaintiff states that she "completed a governmental claims form and submitted it with the State Agency at the material time but unfortunately, the COVID-19 public health crisis had started manifesting, with the resulting statewide lockdown and general public administrative bottlenecks in public offices."  *Id.* at 8; *see also* Dkt. 18-4 ¶¶ 13-14. She states that she then "went ahead with seeking judicial relief for both federal and state claims in the same forum."  Dkt. 18-3 at 8; *see also* Dkt. 18-4 ¶¶ 13-15.  This chronology does not make sense because this case was filed on February 6, 2020, more than a month before state and local restrictions were implemented due to COVID-19.  Thus, COVID-19 restrictions did not impair Plaintiff's ability to file a pre-litigation governmental claim.  However, these arguments contain some information regarding Plaintiff's filing of a pre-litigation governmental claim with an unidentified "State Agency" in connection with her state law tort claim.  The Court has therefore considered whether to permit Plaintiff to amend the Complaint to add allegations regarding whether she complied with or should be excused from complying with the government claim procedures.

As discussed in section III.B.2. above, SCCOE is entitled to Eleventh Amendment immunity on the cause of action for emotional distress.  Accordingly, any attempt to amend that cause of action to address whether Plaintiff satisfied or was excused from satisfying the pre-litigation governmental claim requirement would be futile  Therefore the second cause of action is **DISMISSED WITHOUT LEAVE TO AMEND as to Defendant SCCOE**.

As also discussed in section III.B.2. above, Defendant Dewan is entitled to Eleventh

Amendment immunity for state law tort claims brought against her in her official capacity, but the Complaint and Plaintiff's opposition to the motion to dismiss refer to also suing Defendant Dewan in her personal or individual capacity.  Complaint ¶ 14; Dkt. 18-3 at 5, 8.  Accordingly, if Plaintiff can in good faith allege facts establishing a plausible claim for negligent infliction of emotional distress against Defendant Dewan in her individual capacity, the Court grants Plaintiff **LEAVE TO AMEND the second cause of action as to Defendant Dewan**.  The Court notes that if Plaintiff sued Dewan in her individual capacity, the pre-litigation government claim requirement would not apply to that individual cause of action.  Therefore, any amendment as to Defendant Dewan need not include facts demonstrating that Plaintiff either filed a timely pre-litigation governmental claim or was excused from doing so.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendants' motion to dismiss Plaintiff's first cause of action against Defendant SCCOE for violation of Title VII is **DENIED.**

2. Defendants' motion to dismiss Plaintiff's first cause of action against Defendant Dewan is **GRANTED WITHOUT LEAVE TO AMEND.**

3. Defendants' motion to dismiss Plaintiff's second cause of action against Defendant SCCOE for negligent infliction of emotional distress is **GRANTED WITHOUT LEAVE TO AMEND.**

4. Defendants' motion to dismiss Plaintiff's second cause of action against Defendant Dewan for negligent infliction of emotional distress is **GRANTED WITH LEAVE TO AMEND.**

5. If Plaintiff wishes to attempt to address the deficiencies identified in this order, and if she can do so in compliance with the standard set forth in Federal Rule of Civil Procedure 11, she may file a First Amended Complaint ("FAC") within **21 days of the date of this order**.

6. Following the filing of a FAC, Defendants must file a response within **21 days**.

7. If Defendants respond by filing a motion to dismiss the FAC, Plaintiff must file an

United States District Court
Northern District of California

1     opposition to that motion within **14 days**.  Defendant may file a reply within **7 days**

2     of the filing of Plaintiff's opposition.  The Court will advise the parties if a hearing

3     is necessary.

4           The Court informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse

5     provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The

6     Federal Pro Se Program is available by appointment by calling (408) 297-1480. In addition, the Court

7     offers a pro se handbook free of charge; a copy may be downloaded from

8     https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020_links.pdf.

9           **SO ORDERED.**

10    Dated: August 14, 2020

11

12                                                    _____

13                                                    SUSAN VAN KEULEN
                                                      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California