UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN GERTHELIA REDD-OYEDELE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>Defendants. | Case No. 20-cv-00912-SVK<br><br>**ORDER ON MOTION OF DEFENDANT MARY ANN DEWAN TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 24 |

Now before the Court is Defendant Mary Ann Dewan's motion to dismiss the First Amended Complaint ("FAC"). Dkt. 24. All parties have consented to the jurisdiction of a magistrate judge. Dkt. 5, 11. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. For the reasons that follow, Defendant Dewan's motion to dismiss the FAC is **GRANTED IN PART and DENIED IN PART.**

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case is more fully set forth in the Court's order on Defendants' motion to dismiss the original complaint. Dkt. 22. Plaintiff Ann Redd-Oyedele has been employed by Defendant Santa Clara County Office of Education ("SCCOE") for over 29 years. Dkt. 23 ("First Amended Complaint" or "FAC") ¶ 25. Defendant Mary Ann Dewan ("Dewan") is the County Superintendent of Schools. *Id.* ¶ 14. In 2000, Plaintiff filed a race discrimination claim against SCCOE with the Equal Employment Opportunity Commission ("EEOC"), which concluded in 2003 after a district court action and an appeal to the Ninth Circuit. *Id.* ¶¶ 73-75. According to the FAC, Plaintiff was promoted twice during her employment with SCCOE but has been denied promotions on several other occasions, including in June 2014, November 2015, February 2016, and April 2019. *Id.* ¶¶ 39, 81.

Plaintiff's claim in the FAC against Dewan, who joined SCCOE in November 2017, focuses on Plaintiff's April 2019 application for the Assistant Director position. *See* FAC ¶¶ 90-107. Plaintiff was interviewed for the Assistant Director position in May 2019. *Id.* ¶ 81(viii). Plaintiff claims that the "Oral Board" put in place under the direction of Dewan discriminated against her by deeming her not qualified and eliminating her from the eligibility list for the Assistant Director position "and any future vacancy of said classification." *Id.* ¶ 81(ix). Plaintiff contends that SCCOE's management employees "conspired and colluded to retaliate against Plaintiff by consistently ignoring Plaintiff's qualifications, seniority, and work-related skills in assessing Plaintiff's suitability for promotional opportunities" within SCCOE. *Id.* ¶ 82. Plaintiff also alleges that SCCOE's senior management team, including Dewan, "pursue[d] a covert policy of limiting the hiring and promotional opportunities of African Americans, especially after Plaintiff filed a racial discrimination lawsuit against [SCCOE] and other individuals in the year 2000." *Id.* ¶ 83.

Plaintiff's original complaint asserted two causes of action against both Defendants: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and (2) negligent infliction of emotional distress. Dkt. 1. Both defendants moved to dismiss the complaint under Rule 12(b)(6). Dkt. 8. The Court denied the motion to dismiss Plaintiff's Title VII claim against Defendant SCCOE and granted the motion to dismiss the Title VII claim against Dewan without leave to amend. Dkt. 22 at 7, 13. The Court dismissed Plaintiff's claim for negligent infliction of emotional distress against Defendant SCCOE without leave to amend because Plaintiff had failed to comply with the pre-suit notification requirement of the California Government Claims Act, Cal. Gov't C. §§ 912.4, 945.4, and because SCCOE is entitled to Eleventh Amendment immunity on that cause of action. *Id.* at 9-10, 14. As to the claim for negligent infliction of emotional distress against Dewan, the Court granted the motion to dismiss because if Dewan was sued in her official capacity, Plaintiff's cause of action for negligent infliction of emotional distress would be barred by Plaintiff's failure to comply with the California Government Claims Act, and Dewan would also be entitled to Eleventh Amendment immunity. *Id.* at 10-12, 14-15. However, the Court noted that the original complaint and Plaintiff's

opposition to the motion to dismiss referred to also suing Dewan in her personal or individual capacity. *Id.* at 15. Accordingly, the Court granted Plaintiff leave to amend her claim for negligent infliction of emotional distress against Dewan to allow Plaintiff an opportunity to state a claim against Dewan in her individual capacity. *Id.* The FAC contains a claim against Dewan for "Intentional/Negligent Infliction of Emotional Distress." Dkt. 23 at 16.

Dewan now moves to dismiss the claim against her in FAC. Dkt. 24. Plaintiff opposes. Dkt. 27.

## II.     LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## III.    DISCUSSION

Dewan argues that the FAC should be dismissed for two reasons: (1) Plaintiff sued Dewan in her official capacity, not her individual capacity, and thus the claim for intentional/negligent infliction of emotional distress against Dewan must be dismissed because of Plaintiff's failure to

3

comply with the Government Claims Act and because Dewan is immune from suit under the Eleventh Amendment to the United States Constitution; and (2) even if Plaintiff has sued Dewan in her individual capacity, the FAC fails to allege facts sufficient to establish a plausible claim against Dewan. Dkt. 24. The Court addresses each argument in turn.

### A. Claims Against Dewan in her Individual Capacity

Dewan's motion to dismiss the FAC states that "to the extent alleged against Dewan in her official capacity, Plaintiff's failure to plead compliance with the California Government Claims Act and Eleventh Amendment immunity precludes Plaintiff's cause of action against Dewan in her official capacity." Dkt. 24 at 6. This argument merely restates the conclusions the Court reached in its order on Defendants' motion to dismiss the original complaint: if Plaintiff has sued Dewan in her official capacity, her claims against Dewan must be dismissed because Plaintiff failed to comply with the California Government Claim Act by filing a pre-suit notice with SCCOE, and because Dewan would be immune under the Eleventh Amendment. *See* Dkt. 22 at 9-11, 14-15.

In dismissing the original complaint, the Court granted Plaintiff leave to amend her claim for negligent infliction of emotional distress against Dewan to make clear that she was suing Dewan in her individual capacity, if that was the case. *Id.* at 14-15. Plaintiff added a number of allegations to the FAC stating that she is suing Dewan in her individual capacity. *See, e.g.,* FAC ¶¶ 17-20. Plaintiff argues that she "clearly stated and pled facts sufficient to show that Defendant Dewan was sued as an ordinary citizen, even though the facts relating to the harm caused to Plaintiff by Defendant Dewan arose within the workplace." Dkt. 27 at 6.

Dewan now argues that the allegations against her, including the new allegations in the FAC, concern Dewan's exercise of her power and position as Superintendent of the SCCOE and "when taken as a whole, clearly establish that Plaintiff sued Dewan in her official capacity." Dkt. 24 at 7. Dewan's argument is unavailing. The relevant inquiry in distinguishing between personal-capacity and official-capacity suits "is not the capacity in which the defendants allegedly engaged in unlawful conduct, but rather the capacity in which a plaintiff seeks to sue and recover against a defendant." *Stripling v. Regents of the Univ. of Calif.*, No. 14-CV-02606-YGR, 2015 WL 5117900, at *5 (N.D. Cal. Aug. 31, 2015) (citing *Alden v. Maine*, 527 U.S. 706, 757 (1999)).

4

Here, the allegations of the FAC are sufficiently clear that Plaintiff brings her claim for intentional/negligent infliction of emotional distress against Dewan in her individual capacity because the FAC explains as much (FAC ¶¶ 18, 20; *see also* Dkt. 23-1 (Plaintiff's Declaration in support of FAC) ¶ 22) and Plaintiff seeks damages from Dewan individually (FAC p. 19). *Alden*, 527 U.S. at 757; *Stripling*, 2015 WL 5117900, at *6. Accordingly, Dewan's motion to dismiss the FAC for failure to allege a claim against her in her personal (as opposed to official) capacity is **DENIED.**

However, the Court notes a problem with Plaintiff's service of the summons and complaint on Dewan. Plaintiff served Dewan by leaving a copy of the summons and complaint at her place of business rather than by personal service. Dkt. 7-1 (proof of service). Federal Rule of Civil Procedure 4 requires "personal service, and not service at the place of employment" when defendants are sued in their individual capacities in addition to their official capacities. *Martin v. Ordikhani*, No. 18-CV-04653-YGR, 2019 WL 463014, at *2 n.3 (N.D. Cal. Feb. 6, 2019). Because the Court will permit Plaintiff to file a Second Amended Complaint ("SAC") to address other deficiencies in the FAC that are discussed below, the Court will also require Plaintiff to serve Dewan with the forthcoming SAC in accordance with the service rules of the Federal Rules of Civil Procedure.

### B.     Failure to State a Claim

Dewan also argues that even if Plaintiff has sued Dewan in her individual capacity, the FAC fails to state a claim for intentional/negligent infliction of emotional distress. Dkt. 24 at 7-9. Plaintiff argues that the allegations against Dewan are sufficient. Dkt. 27 at 4-8.

#### 1.     Intentional infliction of emotional distress

To state a claim for intentional infliction of emotional distress, a plaintiff must plead the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Dupree v. Apple, Inc.*, No. 16-CV-00289-LHK, 2016 WL 4191653, at *7 (N.D. Cal. Aug. 9, 2016) (quoting *Potter v. Firestone Tire*

1  *& Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993)). "Outrageous conduct must be so extreme as to
2  exceed all bounds of that usually tolerated in a civilized community." *Dupree*, 2016 WL
3  4191653, at *7 (internal quotation marks and citations omitted).

4  Plaintiff alleges that she suffered "mental anguish and untold emotional turmoil and
5  distress" as a result of Dewan's manipulation of the hiring process for the Assistant Director
6  position in the spring of 2019 to side-step Plaintiff and instead hire Dewan's preferred candidate.
7  *See* FAC ¶ 101; *see also* FAC ¶¶ 75-92. Specifically, Plaintiff alleges that Megan Reilly, the
8  Chief Business Officer of the SCCOE, who reports to and is supervised by Dewan, empaneled an
9  Oral Board consisting of some members who were independent contractors, who submitted
10 invoices that were authorized and approved for payment by Ms. Reilly. *Id.* ¶¶ 93-100. Following
11 a selection interview by the Oral Board, Plaintiff was assigned a score of 69%, which was one
12 point below the passing grade of 70%. *Id.* ¶ 94. Plaintiff asserts that "[o]bviously, [one] Oral
13 Board member [who submitted an invoice] was under the influence and control of Ms. Megan
14 Reilly, who was also under the direct control and influence of Defendant Dewan" and that
15 "[o]bviously, [another] panel member [who submitted an invoice] was also suborned to do the
16 bidding of Megan Reilly and Defendant Dewan." *Id.* ¶¶ 96, 98. Plaintiff claims that the Oral
17 Board members were "under the indirect influence of" Dewan, and that Dewan "used her powers
18 and influence as the Chief Executive Officer of [SCCOE] to block the candidacy of Plaintiff by
19 covertly instructing the Oral Board members, through and by Ms. Megan Reilly, to assign low
20 marks to Plaintiff, thereby denying Plaintiff a fair chance of advancement or equal opportunity
21 with other candidates." *Id.* ¶ 100.

22 On a motion to dismiss, the Court must accept the well-pleaded factual allegations of the
23 FAC as true, and the complaint of a *pro se* plaintiff "must be held to less stringent standards than
24 formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).
25 Moreover, the Court must draw all reasonable inferences from the facts in Plaintiff's favor in
26 determining whether the FAC states a valid claim. *Barker v. Riverside County Office of Ed.*, 584
27 F.3d 821, 824 (9th Cir. 2009). Even improbable facts must be accepted as true for purposes of a
28 motion to dismiss, and "the court evaluates only whether the complaint, on its face, sufficiently

pleads claims for relief, not whether plaintiff will ultimately succeed on the merits." *Gardias v. Cal. State Univ.*, Case No. C09-02090 HRL, 2009 WL 2246216, at *2. However, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Plaintiff's allegations regarding Dewan's supposed involvement in the hiring process for the Assistant Director position, based largely on speculation, fall close to the possibility/plausibility line. However, even liberally construing those allegations, Plaintiff fails to allege a plausible claim for intentional infliction of emotional distress. California courts have held that "personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like" do not constitute "outrageous conduct beyond the bounds of human decency." *Dupree*, 2016 WL 4191653, at *7 (citing *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 746 (Cal. Ct. App. 1996)). Even where, as here, the plaintiff pleads an improper motivation for the personnel management activity, that is insufficient to state a claim for intentional infliction of emotional distress. *Dupree*, 2016 WL 4191653, at *7 (citations omitted). "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.* (quoting *Janken*, 53 Cal. Rptr. 2d at 756).

Accordingly, the Court finds that Plaintiff's claims about Dewan's conduct do not plausibly state a claim for intentional infliction of emotional distress.

### 2. Negligent infliction of emotional distress

Although Dewan's motion to dismiss focuses on Plaintiff's claim for intentional infliction of emotional distress, the cause of action against Dewan in the FAC is labeled as "Intentional/Negligent Infliction of Emotional Distress." FAC p. 19. Accordingly, to provide guidance to Plaintiff if she elects to file a SAC, the Court also addresses whether Plaintiff has stated a claim for negligent infliction of emotional distress.

California courts treat negligent infliction of emotional distress as a form of the tort of negligence with following elements: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal. 4th 124, 129 (1993); *see also Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992) (elements for negligent infliction of emotional distress include (1) the defendant engaged in negligent conduct involving the usual issues of duty and breach, (2) the plaintiff suffered serious emotional distress, and (3) the defendant's conduct was a substantial factor in causing the emotional distress suffered by plaintiff). A duty to the plaintiff may be "imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993) (citation omitted). Under California law, there is no duty to avoid negligently causing emotional distress to another. *Id.* at 984-85. Therefore, a plaintiff must allege a duty owed the plaintiff regarding her emotional condition or allege that her emotional distress arises out of the defendant's breach of some other legal duty. *See Brahmana v. Lembo*, No. C–09–00106 RMW, 2010 WL 290490, at *2 (N.D. Cal. Jan. 15, 2010). And in a case like this, in which the Plaintiff is the direct victim rather than a bystander to the allegedly tortious conduct, there must be a duty "that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between" the parties. *Marlene*, 48 Cal. 3d at 590.

The FAC recites the basic elements of a claim for negligent infliction of emotional distress. Plaintiff alleges that Dewan "had a duty to exercise utmost care in the exercise of her duties and responsibilities towards Plaintiff, as a person in power over Plaintiff." FAC ¶ 103.[1] Plaintiff further alleges that Dewan "breached such duty by acting recklessly in exercising such powers, thereby making her liable to Plaintiff for the tort of negligent infliction of emotional distress, at the very minimum." *Id.* Plaintiff also claims that she suffered emotional distress and damages as a result of Dewan's conduct. FAC ¶¶ 105-106.

The fundamental problem with Plaintiff's claim for negligent infliction of emotional distress is that all of the alleged conduct attributed to Dewan in the FAC appears to have been

---

[1] Defendant does not address whether such a duty exists, and the Court does not reach that issue.

1  intentional, not negligent.  "An employer's supervisory conduct is inherently intentional."
2  *Edwards v. U.S. Fidelity & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994) (internal
3  quotation marks and citation omitted).  An employee cannot advance a claim for negligent
4  infliction of emotional distress based on employment actions that are inherently intentional, not
5  negligent.  *See Mcnaboe v. Safeway, Inc.*, No. 13-cv-04174-SI, 2016 WL 80553, at *6 (N.D. Cal.
6  Jan. 7, 2016) (dismissing with prejudice negligent infliction claim based on employee's
7  termination); *see also Lee v. South of Market Health Ctr.*, No. 19-cv-06482-LB, 2020 WL
8  2219032, at *7 (N.D. Cal. May 7, 2020) (dismissing with prejudice negligent infliction claim
9  based on alleged discrimination and harassment).

Here, the FAC expressly states that "the aforementioned conduct and actions of [Dewan] against the Plaintiff were premeditated, deliberate and intentional."  FAC ¶ 102.  Moreover, the allegations regarding Dewan's conduct concern intentional, as opposed to negligent, actions.  For example, Plaintiff alleges that Dewan "used her power as the Chief Executive Officer of the First Defendant to manipulate the employee recruitment and hiring processes within the SCCOE."  *Id.* ¶ 35; *see also id.* ¶ 90 (Dewan "used her powers … to manipulate the paper screening, selection and interview processes"); ¶ 100 (Dewan "used her powers and influence … to block the candidacy of Plaintiff by covertly instructing the Oral Board members, through and by Ms. Megan Reilly, to assign low marks to Plaintiff").

Accordingly, the Court finds that the FAC fails to state a claim for negligent infliction of emotional distress.

### IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Dewan's motion to dismiss the FAC on the ground that it fails to plead a claim against her in her individual (as opposed to official) capacity is **DENIED.**
2. Dewan's motion to dismiss Plaintiff's cause of action for intentional/negligent infliction of emotional distress is **GRANTED WITH LEAVE TO AMEND.**
3. If Plaintiff wishes to attempt to address the deficiencies identified in this order, and if she can do so in compliance with the standard set forth in Federal Rule of Civil

Procedure 11, she may file a Second Amended Complaint ("SAC") within **21 days of the date of this order**.

4. Plaintiff must serve any SAC on Dewan individually in accordance with the Federal Rules of Civil Procedure.
5. Following the filing of a SAC, Dewan must file a response within **21 days**.
6. If Dewan responds by filing a motion to dismiss the SAC, Plaintiff must file an opposition to that motion within **14 days**. Dewan may file a reply within **7 days** of the filing of Plaintiff's opposition. The Court will advise the parties if a hearing is necessary.
7. If Dewan responds by filing an answer, at the same time Dewan must file a Notice of Need for Case Management Conference.

The Court reminds Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment by calling (408) 297-1480. In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020_links.pdf.

**SO ORDERED.**

Dated: December 11, 2020

SUSAN VAN KEULEN
United States Magistrate Judge