1

2

3

4                           UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ANN GERTHELIA REDD-OYEDELE,              Case No.  20-cv-00912-SVK

8                    Plaintiff,

9           v.                                **ORDER ON MOTION OF
                                              DEFENDANT MARY ANN DEWAN TO
10   SANTA CLARA COUNTY OFFICE OF             DISMISS SECOND AMENDED
     EDUCATION, et al.,                       COMPLAINT**

11                   Defendants.              Re: Dkt. No. 34

12

13          Now before the Court is Defendant Mary Ann Dewan's ("Dewan") motion to dismiss the

14   Second Amended Complaint ("SAC").  Dkt. 34.  All parties have consented to the jurisdiction of a

15   magistrate judge.  Dkt. 5, 11.  Pursuant to Civil Local Rule 7-1(b), the Court deems this matter

16   suitable for determination without oral argument.  For the reasons that follow, Dewan's motion to

17   dismiss the SAC is **GRANTED IN PART** and **DENIED IN PART**.

18   I.     FACTUAL AND PROCEDURAL BACKGROUND

19          A.      Factual Background

20          The factual background of this case is more fully set forth in the Court's order on

21   Defendants' motion to dismiss the original complaint (Dkt. 22) and its order on Dewan's motion

22   to dismiss the First Amended Complaint ("FAC") (Dkt.31).  Plaintiff Ann Redd-Oyedele has been

23   employed by Defendant Santa Clara County Office of Education ("SCCOE") for over 29 years.

24   Dkt. 32 (Second Amended Complaint ("SAC") ¶ 29.  Defendant Mary Ann Dewan ("Dewan") is

25   the County Superintendent of Schools.  *Id.* ¶ 16.  In 2000, Plaintiff filed a race discrimination

26   claim against SCCOE with the Equal Employment Opportunity Commission ("EEOC"), which

27   concluded in 2003 after a district court action and an appeal to the Ninth Circuit.  *Id.* ¶¶ 77-79.

28   According to the FAC, Plaintiff was promoted twice during her employment with SCCOE but has

1    been denied promotions on several other occasions, including in April-May 2019.  *Id.* ¶¶ 36, 74,

2    81, 85.

3            Plaintiff's claim in the SAC against Dewan focuses on Plaintiff's 2019 application for the

4    Assistant Director position.  *See* SAC ¶¶ 106-112.  Plaintiff was interviewed for the Assistant

5    Director position in May 2019.  *Id.* ¶ 85(vii).  Plaintiff claims that the "Oral Board" put in place by

6    one of SCCOE's senior management staff discriminated against her by deeming her not qualified

7    and eliminating her from the eligibility list for the Assistant Director position "and any future

8    vacancy of said classification."  *Id.* ¶ 87.  Plaintiff contends that SCCOE's management

9    employees "conspired and colluded to retaliate against Plaintiff by consistently ignoring Plaintiff's

10   qualifications, seniority, and work-related skills in assessing Plaintiff's suitability for promotional

11   opportunities" within SCCOE.  *Id.* ¶ 93.  Plaintiff also alleges that SCCOE's senior management

12   team "pursue[d] a covert policy of limiting the hiring and promotional opportunities of African

13   Americans, especially after Plaintiff filed a racial discrimination lawsuit against [SCCOE] and

14   other individuals in the year 2000."  *Id.* ¶ 94.  Plaintiff alleges that Dewan "had the responsibility

15   of supervision of all matters pertaining to the hiring of staff for [SCCOE]" and was "primarily

16   charged with putting in place work place policies and procedures geared towards prevention of age

17   and race discrimination against employees of [SCCOE]."  *Id.* ¶¶ 18, 22.

18           **B.    Procedural History**

19           Plaintiff's original complaint asserted two causes of action against both Defendants:

20   (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*,

21   and (2) negligent infliction of emotional distress.  Dkt. 1.  Both Defendants moved to dismiss the

22   complaint under Rule 12(b)(6).  Dkt. 8.  The Court denied the motion to dismiss Plaintiff's Title

23   VII claim against Defendant SCCOE and granted the motion to dismiss the Title VII claim against

24   Dewan without leave to amend.  Dkt. 22 at 7, 13.  The Court dismissed Plaintiff's claim for

25   negligent infliction of emotional distress against Defendant SCCOE without leave to amend

26   because Plaintiff had failed to comply with the pre-suit notification requirement of the California

27   Government Claims Act, Cal. Gov't C. §§ 912.4, 945.4 ("CGCA"), and because SCCOE is

28   entitled to Eleventh Amendment immunity on that cause of action.  *Id.* at 9-10, 14.  As to the

United States District Court
Northern District of California

1    claim for negligent infliction of emotional distress against Dewan, the Court granted the motion to

2    dismiss because if Dewan was sued in her official capacity, Plaintiff's cause of action for

3    negligent infliction of emotional distress would be barred by Plaintiff's failure to comply with the

4    California Government Claims Act, and Dewan would also be entitled to Eleventh Amendment

5    immunity. *Id.* at 10-12, 14-15.  However, the Court noted that the original complaint and

6    Plaintiff's opposition to the motion to dismiss referred to also suing Dewan in her personal or

7    individual capacity.  *Id.* at 15.  Accordingly, the Court granted Plaintiff leave to amend her claim

8    for negligent infliction of emotional distress against Dewan to allow Plaintiff an opportunity to

9    state a claim against Dewan in her individual capacity.  *Id.*

10          Plaintiff then filed the FAC (Dkt. 23), and Defendant SCCOE filed an answer (Dkt. 25).

11   The FAC contained a claim against Dewan for "Intentional/Negligent Infliction of Emotional

12   Distress."  Dkt. 23 at 16.  Dewan filed a motion to dismiss the claim against her in the FAC,

13   arguing that (1) she had been sued in her official capacity rather than her individual capacity, and

14   therefore the claim against her should be dismissed because Plaintiff had failed to exhaust her

15   administrative remedies by filing a claim against SCCOE under the CGCA; and (2) Plaintiff had

16   failed to state a cause of action for intentional or negligent infliction of emotional distress.  Dkt.

17   24.  The Court granted in part and denied in part Dewan's motion to dismiss.  Dkt. 31.  The Court

18   held that the allegations of the FAC were sufficiently clear that Plaintiff had sued Dewan in her

19   individual capacity and therefore denied the motion to dismiss on that ground.  *Id*. at 5.  However,

20   the Court granted the motion to dismiss on the ground that the SAC failed to state a claim for

21   either intentional or negligent infliction of emotional distress.  *Id.* at 5-9.  The Court granted

22   Plaintiff leave to file a Second Amended Complaint.  *Id.* at 9-10.  The Court also ordered that

23   Plaintiff serve any SAC on Dewan individually and in accordance with the Federal Rules of Civil

24   Procedure, consistent with Plaintiff's position that she is suing Dewan in her individual capacity.

25   *Id*. at 5, 10.

26          Plaintiff thereafter filed a SAC.  Dkt. 32.[1]  The SAC contains a single cause of action

27   _____

28   [1] Attached to the SAC were the declarations of Plaintiff and two other SCCOE employees.
     Dkt. 32-2 (Redd-Oyedele Decl.), 32-5 (Del Bono Decl.), and 32-6 (Derouen Decl.).

United States District Court
Northern District of California

1    against Dewan for negligent infliction of emotional distress.  *Id.* at 15-18.  Plaintiff has also filed

2    several proofs of service regarding service of the SAC on Dewan.  Dkt. 32-7, 33, 35, 40.  Dewan

3    now moves to dismiss the claim against her in SAC.  Dkt. 34.  Plaintiff opposes.  Dkt. 37.

4    **I.       LEGAL STANDARD**

5        **A.       Rule 12(b)(5)**

6        A federal court lacks personal jurisdiction over a defendant if service of process is

7    insufficient.  *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Federal Rule

8    of Civil Procedure 12(b)(5) permits a motion to dismiss to be brought for insufficient service of

9    process.  "Once service is challenged, plaintiffs bear the burden of establishing that service was

10   valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  If the plaintiff is

11   unable to satisfy this burden, the court has the discretion to either dismiss the action or retain the

12   action and quash the service of process.  *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389

13   (9th Cir. 1976).  "The court may consider evidence outside the pleadings in resolving a Rule

14   12(b)(5) motion."  *Cotti v. City of San Jose*, No. 18-cv-02980-BLF, 2019 WL 2579206, at *5

15   (N.D. Cal. June 24, 2019 (citation omitted).

16       **B.       Rule 12(b)(6)**

17       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

18   if it fails to state a claim upon which relief can be granted.  In ruling on a motion to dismiss, the

19   court may consider only "the complaint, materials incorporated into the complaint by reference,

20   and matters of which the court may take judicial notice."  *Metzler Inv. GmbH v. Corinthian Colls.,*

21   *Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  In deciding whether the plaintiff has stated a claim, the

22   court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's

23   favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not

24   required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact,

25   or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

26   (citation omitted).

27       To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts

28   to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

United States District Court
Northern District of California

4

570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## II.    DISCUSSION

Dewan argues that the SAC should be dismissed without leave to amend for two reasons: (1) lack of personal jurisdiction due to insufficient service of process; and (2) failure to state a claim.  Dkt. 34.  The Court now addresses each issue.

### A.    Motion to dismiss for lack of personal jurisdiction (Rule 12(b)(5))

In its order dismissing the FAC with leave to amend, the Court identified a problem with Plaintiff's attempt to serve the FAC on Dewan by leaving a copy of the summons and complaint at Dewan's place of business.  Dkt. 31 at 5 (citing Dkt. 7-1 (proof of service of FAC)).  Because Plaintiff claimed to be suing Dewan in her individual capacity, Plaintiff was required to serve Dewan by "personal service, and not service at the place of employment."  Dkt. 31 at 5 (citing *Martin v. Ordikhani*, No. 18-CV-04653-YGR, 2019 WL 463014, at *2 n.3. (N.D. Cal. Feb. 6, 2019)); *see also* Fed. R. Civ. Proc. 4(e)(2)(B).  Accordingly, the Court ordered that if Plaintiff filed a SAC, she must serve Dewan individually in accordance with the Federal Rules of Civil Procedure.  Dkt. 31 at 10.

Plaintiff has filed several proofs of service regarding service of the SAC.  First, attached to the SAC was a Proof of Service reflecting personal delivery on January 1, 2021 of the SAC and associated documents on counsel for Defendants SCCOE and Dewan.  Dkt. 32-7.  Second, she filed a proof of service signed by a process server stating that the process server "left the summons at the individual's residence of usual place of abode with MR. DEWAN-HUSBAND" on January 4, 2021, including a description of the person served.  Dkt. 33.  The signature line on this proof of service was dated "01/04/2020," and it attached a copy of the original summons in this case, dated February 6, 2020.  *Id.*  Third, Plaintiff filed an amended proof of service which had the same service information as Dkt. 33 but corrected the date of the process server's signature from

1   "01/04/2020" to "01/04/2021." Dkt. 35. Following Dewan's filing of the present motion to

2   dismiss, Plaintiff filed another amended proof of service. This proof of service had the same

3   information about the date of service and person served as Dkts. 33 and 35, but also stated that the

4   "2nd Amended Complaint" was received from Plaintiff. Dkt. 40. This amended proof of service

5   was dated February 22, 2021. *Id.* None of the proofs of service contains the address of the person

6   served, although the SAC includes an allegation regarding Dewan's home address. SAC 14.

7       In Dewan's motion to dismiss the SAC, she argues that service of the SAC was defective

8   because (1) the proof of service at Dkt. 33 was dated January 4, 2020, a year before the alleged

9   service occurred; (2) the proof of service fails to state the name of the individual with whom the

10  process server left the summons; and (3) there is no evidence from Dkt. 33 that Dewan was served

11  with the SAC since it only refers to the summons. Dkt. 34 at 7. Dewan argues that based on this

12  record, Plaintiff has not carried her burden of showing that service was proper. *Id.*; *see also* Dkt.

13  38 at 3-4. Plaintiff counters that the proofs of service establish that service substantially complied

14  with Rule 4(e)(2)(B), which requires delivery simply to an adult residing at Dewan's residence.

15  Dkt. 37 at 3. She also explains that the 2020 date of the signature on Dkt. 30 was a clerical

16  mistake. *Id.* Plaintiff further argues that Defendant's counsel should be deemed to have waived

17  any deficiency in service by admitting receiving service of the SAC by email. *Id.* at 4.

18      "A federal court is without personal jurisdiction over a defendant unless the defendant has

19  been served in accordance with Federal Rule of Civil Procedure 4." *Travelers Cas. & Sur. Co. of*

20  *Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). Unless service is made

21  by a U.S. Marshal, the proof of service must be in the form of an affidavit by the person making

22  service. Fed. R. Civ. P. 4(l)(1). Rule 4 does not specify the contents of a proof of service.

23  Moreover, "[f]ailure to prove service does not affect the validity of service" and "[t]he court may

24  permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3). "Rule 4 is a flexible rule that

25  should be liberally construed so long as a party receives sufficient notice of the complaint."

26  *United Food & Comm. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

27  What is required is "substantial compliance" with Rule 4. *Direct Mail Specialists, Inc v. Eclat*

28  *Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Although simply providing "actual

United States District Court
Northern District of California

6

United States District Court
Northern District of California

notice" or "naming the defendant in the complaint" is insufficient to establish personal jurisdiction without substantial compliance with Rule 4, a "general appearance of responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987).

Under the circumstances of this case, Plaintiff has established that the Court may exercise personal jurisdiction over Dewan. In its order on Dewan's motion to dismiss the FAC, the Court ordered Plaintiff to serve the SAC on Dewan individually. Plaintiff, a *pro se* litigant, arranged for a process server to effectuate service and corrected numerous errors in the proof of service prepared by the process server. Dewan's counsel admits having received a copy of the SAC electronically when it was filed with the Court (Dkt. 34 at 7), and indeed Dewan filed two previous motions to dismiss (concerning the original complaint and FAC) without making any argument that Plaintiff's original service of Dewan at work was ineffective. Accordingly, the Court **DENIES** Dewan's motion to dismiss the SAC on the ground of lack of personal jurisdiction.

### B.     Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6))

The cause of action against Dewan in Plaintiff's previous FAC was entitled "Intentional/Negligent Infliction of Emotional Distress." Dkt. 23 p. 16. In its order on Dewan's motion to dismiss the FAC, the Court held that Plaintiff had failed to state a claim against Dewan for either intentional or negligent infliction of emotional distress. Dkt. 31 at 5-9. As the Court explained, California courts have held that personnel management actions, including hiring, job assignments, and promotion, do not constitute "outrageous conduct beyond the bounds of human decency," as required to state a claim for intentional infliction of emotional distress, even where (as here) the plaintiff pleads an improper motivation for the personnel management activity. *Id.* at 7 (citing *Dupree v. Apple, Inc.*, No. 16-CV-00289-LHK, 2016 WL 4191653, at *7 (N.D. Cal. Aug. 9, 2016)). At the same time, "[a]n employer's supervisory conduct is inherently intentional" and therefore does not support a claim for negligent infliction of emotional distress. Dkt. 31 at 9 (citing *Edwards v. U.S. Fidelity & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994); *McNaboe v. Safeway, Inc.*, No. 13-cv-04174-SI, 2016 WL 80553, at *6 (N.D. Cal. Jan. 7, 2016);

1    and *Lee v. South of Market Health Ctr.*, No. 19-cv-06482-LB, 2020 WL 2219032, at *7 (N.D. Cal.

2    May 7, 2020)).

3         The only claim against Dewan in the SAC is a claim for negligent infliction of emotional

4    distress; the SAC no longer contains a claim labeled as intentional infliction of emotional distress.

5    SAC p. 15.  In her claim for negligent infliction, Plaintiff alleges that Dewan breached a duty to

6    Plaintiff by "failing to properly put in place policies and practices that would prevent employees

7    of [SCCOE], of which Plaintiff is one, from suffering adverse employment actions in the hands of

8    senior management staff, contractors, proxies and authorized agents of [SCCOE]" and "by failing

9    to prevent conspiracy by certain managerial staff of [SCCOE].  *Id.* ¶ 104.  Plaintiff also alleges

10   that Dewan caused her damages "[b]y failing to exercise utmost care in ensuring that the laws of

11   the United States and the State of California are not flouted by personnel of [SCCOE]."  *Id.*  The

12   focus of Plaintiff's claim against Dewan continues to be on the hiring process for the Assistant

13   Director position for which Plaintiff applied but was not hired.  *See id.* ¶¶87, 106-112.  Similarly,

14   to the extent the declarations of Plaintiff and two other SCCOE employees submitted as

15   attachments to the SAC allege specific conduct by Dewan, they concern only Dewan's supervisory

16   conduct.  *See* Dkt. 32-2 (Redd-Oyedele Decl.) ¶¶ 47-48 (asserting that Dewan failed to put in

17   place policies, programs, and practices to ensure that anti-discrimination laws were not flouted by

18   SCCOE management staff and to prevent "gang up" and conspiracy by such staff), ¶ 49 (stating

19   that Dewan failed to ensure that SCCOE employees did not suffer unlawful employment actions

20   by senior management staff and others); Dkt. 32-6 (Derouen Decl.) ¶ 11 (asserting that Dewan had

21   an open job position pulled after two African American SCCOE employees applied, changed the

22   classification and title of the position, and then hired a friend to fill it).

23        Under the authorities discussed in the Court's order on Dewan's motion to dismiss the

24   FAC and reiterated above, to the extent the SAC makes allegations specifically against Dewan,

25   those allegations relate to Dewan's supervisory conduct and are inherently intentional.  As such,

26   they do not support a claim for negligent infliction of emotional distress.  Dewan's motion to

27   dismiss the SAC for failure to state a claim is **GRANTED**.  Because Plaintiff has failed to state a

28   claim against Dewan despite being given two previous opportunities to amend her complaint, the

United States District Court
Northern District of California

8

1    claim against Dewan is dismissed **WITHOUT LEAVE TO AMEND.**

2    **III.    CONCLUSION**

3            For the reasons discussed above, Dewan's motion to dismiss the SAC for lack of personal

4    jurisdiction is **DENIED** and her motion to dismiss the SAC for failure to state a claim is

5    **GRANTED WITHOUT LEAVE TO AMEND.**

6            Although Plaintiff's claim against Dewan is dismissed without leave to amend, Plaintiff's

7    Title VII claims against SCCOE will proceed.  *See* Dkt. 22, 32.  A Case Management Conference

8    will be held on **April 13, 2021 at 9:30 a.m.**  A Case Management Conference Statement is due

9    **April 6, 2021.**  Although the Court strongly prefers that the parties file the Case Management

10   Conference statement jointly, because Plaintiff is not represented by counsel, the parties may file

11   separate statements if necessary.  *See* Civ. L.R. 16-9(a).

12           **SO ORDERED.**

13   Dated: March 10, 2021

14

15

16   SUSAN VAN KEULEN
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California