UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN GERTHELIA REDD-OYEDELE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>Defendants. | Case No. 20-cv-00912-SVK<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 95, 96 |

Plaintiff Ann Redd-Oyedele, who has been employed by Defendant Santa Clara County Office of Education ("SCCOE") since June 1991, claims that she was subjected to age discrimination, retaliation, and race discrimination in connection with her unsuccessful 2019 application for a promotion to an Assistant Director position in SCCOE's District Business and Advisory Services ("DBAS") department. Dkt. 49 ("Third Amended Complaint" or "TAC"); *see also* Dkt. 49-1 (Plaintiff's Decl. in Support of TAC) ¶¶ 38-39. All parties have consented to the jurisdiction of a magistrate judge. Dkt. 5, 11.

Now before the Court are (1) Plaintiff's motion for summary judgment (Dkt. 95 ("Pl. MSJ")) and (2) Defendant's motion for summary judgment or summary adjudication (Dkt. 96 ("Def. MSJ")). The Court held a hearing on April 12, 2022 via Zoom. After considering the parties' submissions, arguments at the hearing, the case file, and relevant law, and for the reasons discussed below, Plaintiff's motion for summary judgment is **DENIED** and SCCOE's motion for summary judgment is **GRANTED.**

## I.   BACKGROUND

### A.   Factual Background

#### 1.   The Parties

Plaintiff is an African-American female who was 56 years old when she applied for the Assistant Director-DBAS position in 2019. Dkt. 98-1 ¶ 7. Plaintiff graduated from San Jose State University in 1984 with a Bachelor of Science degree in Accounting. TAC ¶¶ 4-5, 19. According

to Plaintiff, she is not a Certified Public Accountant ("CPA") but she has acquired other certifications and attended several work-related courses and workshops.  Dkt. 49-1 ¶ 15; Dkt. 98-1 ¶ 16.

Plaintiff has been employed by Defendant SCCOE since June 1991.  TAC ¶ 16.  At all relevant times, Plaintiff has been employed in SCCOE's DBAS department.  TAC ¶ 17. According to Plaintiff, she was promoted twice during her employment with SCCOE but has been denied promotion on several other occasions, including in 2019.  TAC ¶ 17; Pl. MSJ at 9.  In 2000, Plaintiff filed a race discrimination claim against SCCOE with the Equal Employment Opportunity Commission ("EEOC"), which led to a district court action and an appeal to the Ninth Circuit that concluded in approximately 2003.  TAC ¶¶ 64-67.

### 2.   SCCOE's Merit System

SCCOE's Personnel Commission employs a Merit System for employment decisions. Dkt. 96-2 (Munshi Decl.) ¶¶ 3-4.  Under the Merit System, the hiring process for certain positions, including the Assistant Director-DBAS position at issue in this case, include a Qualifications Appraisal Interview ("QAI").  *Id.* ¶ 8 and Ex. 1.  During the QAI, which is also known as the panel interview or first interview, a panel of qualified persons evaluate candidates through a scored assessment of their responses to a standard set of questions.  *Id.* ¶ 9.  Oral panel examinations assess the relevance and quality of an applicant's experience, training, skills, and education, as well as the applicant's specific job knowledge and abilities for the position.  *Id.* ¶ 10. An applicant's final score is based on all examinations during the hiring process.  *Id.* ¶ 11.

Under Merit System Rule 8.11, service credits, or seniority, are added to the "final passing scores of promotional candidates."  *Id.* ¶ 12 and Ex. 1.  If a candidate for promotion fails to attain a passing score during the QAI, the candidate's service credits are not added to the employee's score.  *Id.* ¶ 13.

### 3.   2019 Assistant Director-DBAS Job Opening

In approximately 2019, SCCOE posted a job listing for the position of Assistant Director in the DBAS department.  Dkt. 95-22.  SCCOE formed a panel consisting of John Gray, Francie Heim, and Stephanie Gomez to conduct QAI interviews of the candidates for the position.

United States District Court
Northern District of California

Dkt. 96-5 (Gray Decl.) ¶ 3; Dkt. 96-3 (Heim Decl.) ¶ 3; Dkt. 96-4 (Gomez Decl.) ¶ 3.

Plaintiff applied for the Assistant Director-DBAS position in April 2019. *See* Ex. 2 to Bengston Decl. The panel interviewed Plaintiff on May 7, 2019. Gray Decl. ¶ 4; Heim Decl. ¶ 4; Gomez Decl. ¶ 4. During the interview regarding her qualifications for the position, the panelists asked Plaintiff eight standardized questions that were asked of all candidates. Gray Decl. ¶ 5; Heim Decl. ¶ 5; Gomez Decl. ¶ 5. Each panelist awarded scores between 50 and 100 for each answer. *Id.* Each panelist added his or her scores and divided by eight (representing the number of questions) to calculate the interviewer's average score. Gray Decl. ¶ 6; Heim Decl. ¶ 6; Gomez Decl. ¶ 6. Mr. Gray gave Plaintiff an average score of 71.25. Gray Decl. ¶ 7 and Ex. 4. Ms. Heim gave Plaintiff an average score of 69.375. Heim Decl. ¶ 7 and Ex. 4. Ms. Gomez gave Plaintiff an average score of 67.50. Gomez Decl. Gray Decl. ¶ 7 and Ex. 4. To determine Plaintiff's final AQI interview score, an average score was calculated by adding together the three panelists' average scores and dividing by three. Munshi Decl. ¶ 14. Plaintiff's final AQI interview score was 69.38%. Bengston Decl. ¶ 4 and Ex. 7; Munshi Decl. ¶ 17 and Ex. 8.

An overall average score of 70% was required to advance in the selection process. Munshi Decl. ¶ 15. Because Plaintiff's score was 69.38%, she did not pass the QAI exam and could not move forward to the second round of interviews. *Id.* ¶ 17 and Ex. 8. Pursuant to Merit System Rule 8.11, Plaintiff's service (seniority) credits were not added to her QAI score because she did not obtain a passing score. *Id.* ¶ 16.

The candidate who was selected for the Assistant Direct-DBAS position was Shanny Yam. Gray Decl. ¶ 8; Heim Decl. ¶ 8; Gomez Decl. ¶ 8. Ms. Yam obtained a QAI score of 73.75 in her initial interview and advanced to the second round of interviews. Gray Decl. ¶ 6; Heim Decl. ¶ 6; Gomez Decl. ¶ 6. According to SCCOE, it ultimately hired Ms. Yam for the position because she has a Bachelor of Science Degree in Accounting, served as a Senior Accountant and a Budget Analyst, and is a Certified Public Accountant. Def. MSJ at 4; *see also* Gray Decl. ¶¶ 14-15; Heim Decl. ¶¶ 14-15; Gomez Decl. ¶¶ 13-14.

**B. Procedural History**

Before filing this lawsuit, Plaintiff filed a complaint with the California Department of Fair

United States District Court
Northern District of California

1    Employment and Housing ("DFEH") concerning her non-selection for the Assistant Director-

2    DBAS position.  Dkt. 49-2.  The United States Equal Employment Opportunity Commission

3    ("EEOC") issued a right-to-sue letter on November 7, 2019.  Dkt. 49-3.  Thereafter, Plaintiff

4    timely filed this lawsuit.  Dkt. 1.  The original complaint named SCCOE and its Superintendent of

5    Schools, Mary Ann Dewan, as Defendants.  *Id.*  Plaintiff's original complaint asserted two causes

6    of action against both Defendants:  (1) retaliation in violation of Title VII of the Civil Rights Act

7    of 1964, 42 U.S.C. § 2000e, *et seq.*, and (2) negligent infliction of emotional distress.  Dkt. 1.

8        Both Defendants moved to dismiss the original complaint under Rule 12(b)(6).  Dkt. 8.

9    The Court denied the motion to dismiss Plaintiff's Title VII claim against Defendant SCCOE and

10   granted the motion to dismiss the Title VII claim against Dewan without leave to amend.  Dkt. 22

11   at 7, 13.  The Court dismissed Plaintiff's claim for negligent infliction of emotional distress

12   against Defendant SCCOE without leave to amend because Plaintiff had failed to comply with the

13   pre-suit notification requirement of the California Government Claims Act, Cal. Gov't C.

14   §§ 912.4, 945.4 ("CGCA") and because SCCOE is entitled to Eleventh Amendment immunity on

15   that cause of action.  *Id.* at 9-10, 14.  As to the claim for negligent infliction of emotional distress

16   against Dewan, the Court granted the motion to dismiss because if Dewan was sued in her official

17   capacity, Plaintiff's cause of action for negligent infliction of emotional distress would be barred

18   by Plaintiff's failure to comply with the California Government Claims Act, and Dewan would

19   also be entitled to Eleventh Amendment immunity.  *Id.* at 10-12, 14-15.  However, the Court noted

20   that the original complaint and Plaintiff's opposition to the motion to dismiss referred to also suing

21   Dewan in her personal or individual capacity.  *Id.* at 15.  Accordingly, the Court granted Plaintiff

22   leave to amend her claim for negligent infliction of emotional distress against Dewan to allow

23   Plaintiff an opportunity to state a claim against Dewan in her individual capacity.  *Id.*

24       Plaintiff then filed the First Amended Complaint (Dkt. 23 ("FAC")), and Defendant

25   SCCOE filed an answer (Dkt. 25).  The FAC contained a claim against Dewan for

26   "Intentional/Negligent Infliction of Emotional Distress."  Dkt. 23 at 16.  Dewan filed a motion to

27   dismiss the claim against her in the FAC, arguing that (1) she had been sued in her official

28   capacity rather than her individual capacity, and therefore the claim against her should be

United States District Court
Northern District of California

dismissed because Plaintiff had failed to exhaust her administrative remedies by filing a claim against SCCOE under the CGCA; and (2) Plaintiff had failed to state a cause of action for intentional or negligent infliction of emotional distress.  Dkt. 24.  The Court granted in part and denied in part Dewan's motion to dismiss.  Dkt. 31.  The Court held that the allegations of the FAC were sufficiently clear that Plaintiff had sued Dewan in her individual capacity and therefore denied the motion to dismiss on that ground.  *Id*. at 5.  However, the Court granted the motion to dismiss on the ground that the FAC failed to state a claim for either intentional or negligent infliction of emotional distress.  *Id.* at 5-9.  The Court granted Plaintiff leave to file a Second Amended Complaint.  *Id.* at 9-10.

Plaintiff thereafter filed a Second Amended Complaint.  Dkt. 32 ("SAC").  In addition to the claims for age discrimination, race discrimination, and retaliation against SCCOE, the SAC contained a single cause of action against Dewan for negligent infliction of emotional distress.  *Id.* at 15-18.  Dewan then moved to dismiss the claim against her in SAC.  Dkt. 34.  The Court rejected Dewan's argument that the Court lacked personal jurisdiction over her but granted her motion to dismiss the claim against her for failure to state a claim, without leave to amend.  Dkt. 41.

Thereafter, Plaintiff filed the TAC, which contains claims against SCCOE for (1) violation of the Age Discrimination in employment Act ("ADEA"), (2) race discrimination in violation of Title VII, and (3) retaliation in violation of Title VII.  Dkt. 49.  SCCOE filed an answer to the TAC.  Dkt. 50.

Following discovery and numerous discovery disputes, Plaintiff filed a motion for summary judgment (Dkt. 95 (Pl. MSJ)), and Defendant filed a motion for summary judgment or summary adjudication (Dkt. 96 (Def. MSJ)).

## II.      LEGAL STANDARD

A party may move for summary judgment on any claim or defense, or for partial summary judgment on part of a claim or defense.   Fed. R. Civ. P. 56(a).  Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law.  *Id.*  A fact is material if it may affect the outcome of the

case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the party moving for summary judgment has the burden of persuasion at trial, such as where the moving party seeks summary judgment on its own claims or defenses, the moving party must establish "beyond controversy every essential element of its [claim]." *So. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). Where the moving party seeks summary judgment on a claim or defense on which the opposing party bears the burden of persuasion at trial, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Id.* at 1103. If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

"The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014). However, the party opposing summary judgment must direct the court's attention to "specific, triable facts." *So. Cal. Gas*, 336 F.3d at 889. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *City of Pomona*, 750 F.3d at 1049-50 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

1    *Corp.*, 475 U.S. 574, 587 (1986)).

2    **III.    DISCUSSION**

3         **A.    Evidentiary Objections**

4         Under Federal Rule of Civil Procedure 56(c)(2), a party may object to the opposing party's

5    declarations and evidentiary material if such material "cannot be presented in a form that would be

6    admissible in evidence."  In its opposition to Plaintiff's MSJ, SCCOE objects to three items of

7    evidence cited in support of Plaintiff's MSJ.  The Court discusses each objection in turn.

8              **1.    Declaration of Pat Blanson (Dkt. 95-18)**

9         SCCOE objects to the entirety of the Declaration of Pat Blanson submitted with Plaintiff's

10   MSJ on the grounds that Blanson's employment with SCCOE ended in 2007, and the statements

11   in the declaration do not relate in any way to the May 2019 hiring decision at issue in this case.

12   Dkt. 97 at 8.  The Court **SUSTAINS** the objection on relevance grounds.

13             **2.    Declaration of Marilyn Derouen (Dkt. 49-5)**

14        SCCOE objects to the entirety of the Declaration of Marilyn Derouen submitted with

15   Plaintiff's MSJ on the grounds that Derouen was employed in a different department than

16   Plaintiff, she was supervised by different SCCOE employees, and she played no role in the May

17   2019 hiring decision at issue in this case.  Dkt. 97 at 8-9.  The Court **SUSTAINS** the objection on

18   relevance grounds.

19             **3.    Timeline of Events (Dkt. 49-6)**

20        SCCOE objects to a timeline filed by Plaintiff as an exhibit to the TAC (Dkt. 49-6), which

21   is referenced in Plaintiff's MSJ (Pl. MSJ at 17, 18), on the grounds that the timeline is not a

22   declaration, it lacks foundation, and it is hearsay.  Dkt. 97 at 9.  This objection is **SUSTAINED** as

23   to lines 1-5 (directed at positions not the subject of this litigation) on relevance grounds and

24   **OVERRULED** as to lines 6-7 which are directed at the subject position and about which SCCOE

25   could have questioned Plaintiff in deposition in mitigation of concerns regarding foundation and

26   credibility.

27        **B.    Issues Remaining in Case**

28        Plaintiff's MSJ discusses alleged acts of discrimination and/or retaliation that occurred

United States District Court
Northern District of California

1    before 2019.  *See, e.g.,* Pl. MSJ at 8-9.  SCCOE argues that only Plaintiff's unsuccessful

2    application for a promotion to the Assistant Director-DBAS position in 2019 remains at issue.

3    Dkt. 97 at 2-3; *see also* Def. MSJ at 16.  SCCOE is correct.

4         This case arises out of Plaintiff's EEOC claim concerning her application for the 2019

5    Assistant Director-DBAS position, as distinct from her previous EEOC claims concerning other

6    positions.  *See* TAC at ¶¶ 74-79 and Exs. P1 and P2 to TAC (Dkt. 49-2, 49-3).  In a CMC

7    Statement filed in January 2022, Plaintiff identified the legal issues in this case as concerning her

8    non-promotion in 2019.  Dkt. 83 at 3.  Plaintiff acknowledges in her reply in support of her motion

9    for summary judgment that "the anecdotal facts narrated in Plaintiffs' MSJ" are simply

10   "[h]istorical background and introductory facts."  Dkt. 98 at 3.

11        Accordingly, Plaintiff's claims in this case concern her application for the Assistant

12   Director-DBAS position in 2019, and the Court now considers whether either party is entitled to

13   summary judgment on those claims.

14   **C.     Age Discrimination Claim**

15        Under the ADEA, it is unlawful for any employer to take an adverse action against an

16   employee "because of such individual's age."  29 U.S.C. § 623(a).  Where, as in this case, there is

17   no direct evidence of discrimination, courts generally employ the three-step burden-shifting

18   framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) in

19   deciding motions for summary judgment in age discrimination cases.  *Shelley v. Geren,* 666 F.3d

20   599, 607-08 (9th Cir. 2012); *see also Krylova v. Genentech*, 37 F. Supp. 3d 1156, 1163 (N.D. Cal.

21   2014).  In a failure-to-promote case, a plaintiff may establish a prima facie case of age

22   discrimination by showing that: (1) at the time of the alleged employment action, she was 40 years

23   old or older; (2) she was qualified for the position for which she applied; (3) she was denied the

24   position; and (4) the promotion was given to a substantially younger person.  *Shelley*, 666 F.3d at

25   608.  The proof necessary for a plaintiff to establish a prima facie case within the *McDonnell*

26   *Douglas* framework is "minimal and does not even need to rise to the level of a preponderance of

27   the evidence."  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).  The plaintiff need

28   only offer evidence that "gives rise to an inference of unlawful discrimination."  *Id.* (citation

United States District Court
Northern District of California

1    omitted).

2        If the plaintiff proves her prima facie case, the burden of production then shifts to the

3    employer to articulate a legitimate, nondiscriminatory reason for the alleged action. *Shelley*, 666

4    F.3d at 608.  If the employer does so, the burden shifts back to the plaintiff to show that the

5    articulated reason is pretextual. *Id.*  A plaintiff may demonstrate pretext either directly by

6    persuading the court that discriminatory reasons more likely motivated the employer or indirectly

7    by showing that the employer's proffered explanation is "unworthy of credence.'" *Id.* at 609

8    (citations omitted).

9        The ultimate burden of persuading the trier of fact that the employer intentionally

10   discriminated remains at all times with the plaintiff. *See Reeves v. Sanderson Plumbing Prods.,*

11   *Inc.,* 530 U.S. 133, 143 (2000).

12                    **1.    Prima Facie Case**

13       Defendant does not dispute that Plaintiff was over 40 years old when she applied for the

14   Assistant Director-DBAS position in 2019 or that she was denied the promotion in favor of

15   Ms. Yam, who was substantially younger. *See* Def. MSJ at 1.  However, SCCOE argues that

16   Plaintiff cannot establish a prima facie case of age discrimination because she was not qualified

17   for the Assistant Director position, as evidenced by the fact that Plaintiff obtained a non-passing

18   score on the QAI Interview. *Id.* at 10.  SCCOE also suggests that Plaintiff cannot establish a

19   prima facie case of age discrimination because the selection board members were not aware of her

20   age at the time they selected another candidate for the Assistant Director position. *Id.* at 5.

21       For purposes of determining whether an applicant meets the "qualified" requirement for a

22   prima facie case of employment discrimination, objective rather than subjective criteria apply.

23   *Nicholson v. Hyannis Air Service, Inc.*, 580 F.3d 1116, 1123 (9th Cir. 2009).  Here, SCCOE offers

24   no evidence that Plaintiff was not objectively qualified for the Assistant Director-DBAS position.

25   SCCOE cites Plaintiff's score on the QAI test, but such a test result does not mean that Plaintiff

26   was not objectively qualified.  *See Hines v. Cal. Public Util. Commn.,* No. C 07-04145 CW, 2010

27   WL 2985536, at *6 (N.D. Cal. July 27, 2010).  To the extent SCCOE argues that the candidate

28   selected for the position, Ms. Yam, was more qualified than Plaintiff, that argument pertains not to

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff's burden to make out a prima facie case but instead to whether SCCOE has met its burden of showing a legitimate, non-discriminatory reason for Plaintiffs' non-selection and is addressed in the discussion below. *See id.; see also Oliphant v. City and Cnty. of San Francisco*, No. C-08-5048-MMC, 2010 WL 1875711, at *4 (N.D. Cal. May 7, 2010).

Any suggestion by SCCOE that Plaintiff cannot establish a prima facie case because the hiring panelists were unaware of her age also fails. It is true that a plaintiff "cannot make a prima facie case where a decision-maker is unaware of the basis for discrimination." *Wong v. Wells Fargo Bank, N.A.*, No. 20-CV-00249-YGR, 2021 WL 4243398, at *7 (N.D. Cal. Sep. 17, 2021). Here, however, Plaintiff has presented evidence that at least one member of the selection panel may have been aware of her age. Dkt. 99-1 ¶ 15.

Accordingly, Plaintiff has established a prima facie case of age discrimination. Plaintiff was objectively qualified for the Assistant Director-DBAS position she applied for in 2019, as evidenced by the undisputed fact that she was eligible to apply for the position. Additional undisputed objective evidence of Plaintiff's qualifications are the similar job descriptions for the Senior Advisor position held by Plaintiff (Dkt. 95-20) and the Assistant Director-DBAS position (Dkt. 95-22) at the center of this dispute. Dkt. 95 at 11. Plaintiff's non-passing score on the QAI Interview does not establish her lack of objective qualifications for the position, although it is relevant to SCCOE's argument, addressed below, that the candidate it selected was more qualified

### 2.    Non-Discriminatory Justification

In articulating a non-discriminatory justification for Plaintiff's non-promotion, SCCOE "'need not persuade the court that it was actually motivated by the proffered reasons,' but simply has the burden to 'raise a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Howard v. Cumulus Media Inc.*, No. C 12-4880 CRB, 2013 WL 5913754, at *5 (N.D. Cal. Nov. 1, 2013) (quoting *Tex. Dep. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)).

SCCOE claims that it hired Ms. Yam instead of Plaintiff because of Ms. Yam's superior qualifications. Def. MSJ at 4, 10-11; *see also* Gray Decl. ¶¶ 14-15; Heim Decl. ¶¶ 14-15; Gomez Decl. ¶¶ 13-14. Specifically, SCCOE cites Ms. Yam's previous audit experience, including experience as supervisory auditor for an accounting firm with extensive public school auditing

United States District Court
Northern District of California

1  experience, as well as the fact that she is a CPA.  *Id.*  Notably, Ms. Yam also obtained a higher

2  QAI score than Plaintiff during the interview process.  Gray Decl. ¶ 15; Heim Decl. ¶ 15; Gomez

3  Decl. ¶ 15.

4        SCCOE's proffered justification for selecting Ms. Yam instead of Plaintiff for the

5  Assistant Director-DBAS position is sufficient to satisfy its burden of demonstrating a non-

6  discriminatory justification for its hiring decision.  *See generally Shelley,* 666 F.3d at 609.

7  Accordingly, the burden shifts back to Plaintiff to demonstrate that SCCOE's proffered reasons

8  are pretexts for discrimination.  *Id.*

9          **3.**      **Pretext**

10        As explained above, a plaintiff may establish pretext either directly by persuading the court

11  that a discriminatory reason more likely motivated the employer or indirectly by showing that the

12  employer's proffered explanation is "unworthy of credence."  *Shelley,* 666 F.3d at 609.  If direct

13  evidence of discrimination is offered, "a triable issue as to the actual motivation of the employer is

14  created even if the evidence is not substantial."  *Godwin,* 150 F.3d at 1221.  In contrast, if a

15  plaintiff offers circumstantial evidence of discrimination in support of pretext, "it must be specific

16  and substantial ... to create a triable issue" regarding the employer's intent.  *Id.* at 1222 (citations

17  omitted).  Here, Plaintiff falls short on both fronts.

18        Plaintiff has not offered direct evidence of discrimination.  Moreover, the circumstantial

19  evidence cited by Plaintiff does not demonstrate that the SCCOE's proffered reasons for selecting

20  Ms. Yam are "unworthy of credence."  Rather the circumstantial evidence cited by Plaintiff boils

21  down to Plaintiff's refrain that she believes she was more qualified than Ms. Yam for the Assistant

22  Director-DBAS position.  *See, e.g.,* Pl. MSJ at 9-10 (citing Plaintiff's seniority, work longevity,

23  relevant work experience, ranking in other job applications, and performance of same duties as

24  Assistant Director).  The focus of many of Plaintiff's complaints is that she had more seniority

25  than Ms. Yam (*id.*), but as explained above under SCCOE's Merit System Rule 8.11, an

26  applicant's seniority points are not added to his or her score unless the applicant passes the QAI

27  assessment, which Plaintiff did not do.  Munshi Decl. ¶¶ 12-13, 16 and Ex. 1.

28        Accordingly, SCCOE is entitled to summary judgment on Plaintiff's age discrimination

1    claim.

2           **D.      Race Discrimination Claim**

3           To establish a prima facie case of race discrimination, Plaintiff must show:  (1) she is a

4    member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse

5    employment action; and (4) similarly situated individuals outside Plaintiff's protected class were

6    treated more favorably, or other circumstances surrounding the adverse employment action give

7    rise to an inference of discrimination.  *Hermange v. County of Santa Clara*, No. 16-cv-02847-

8    BLF, 2019 WL 1245149, at *11 (N.D. Cal. Mar. 18, 2019) (citing *Hawn v. Exec. Jet Mgmt., Inc.*,

9    615 F.3d 1151, 1155 (9th Cir. 2010)).

10          Plaintiff has established a prima facie case of race discrimination.  She is a member of a

11   protected class (African-American individuals); as discussed above, she was objectively qualified

12   for the Assistant Director-DBAS position for which she applied; and she experienced an adverse

13   employment action by losing the promotion to someone outside her protected class.

14          Again, however, SCCOE has offered legitimate, non-discriminatory reasons for hiring

15   Ms. Yam rather than Plaintiff for the Assistant Director position, specifically Ms. Yam's superior

16   qualifications.  Plaintiff has failed to rebut that showing.  *See* Section III.C., *supra.*

17          Accordingly, SCCOE is entitled to summary judgment on Plaintiff's race discrimination

18   claim.

19          **E.      Retaliation Claim**

20          A prima facie claim for retaliation requires Plaintiff to demonstrate that:  (1) she engaged

21   in protected activity; (2) she was subjected to an adverse employment action; and (3) there exists a

22   causal link between the protected activity and the employer's action.  *McAlindin v. Cty. Of San*

23   *Diego,* 192 F.3d 1226, 1238 (9th Cir. 1999), opinion amended on denial of reh'g, 201 F.3d 1211

24   (9th Cir. 2000).

25          Plaintiff provided no admissible evidence that any of the panel members were aware of her

26   2000 EEOC complaint.  *See* Dkt. 100 at 3-4, citing Dkt. 96-1, Ex. 18.  Moreover, it is undisputed

27   that the hiring panel in Plaintiff's case used standardized non-discriminatory criteria to award the

28   position.  In addition, many years elapsed between Plaintiff's 2000 EEOC complaint and the 2019

United States District Court
Northern District of California

12

hiring decision at issue in this case.  As such, Plaintiff has not established a prima facie case of retaliation.  *See Arakaki v. Brennan*, 771 Fed. Appx. 783, 784 (9th Cir. 2019).

Even if Plaintiff could establish a prima facie case, as with her discrimination claims, SCCOE offers a legitimate, non-discriminatory reason for its action—the successful applicant's superior qualifications for the Assistant Director-DBAS position—and Plaintiff must then provide evidence of pretext.  *McAlindin*, 912 F.3d at 1238.  Again, Plaintiff cannot meet her burden.  *See* Section III.C., *supra*.

Accordingly, SCCOE is entitled to summary judgment on Plaintiff's retaliation claim.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** SCCOE's motion for summary judgment.  All dates and deadlines are vacated, judgment will be entered in favor of SCCOE, and the Clerk of Court shall close the file in this matter.

**SO ORDERED.**

Dated: May 6, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

13